## Brooke et al. v. Furey

Before Larrabee, P. J., and Williams, J.

*Candor, Youngman & Gibson,* for plaintiffs.
*McCormick, Herdic & Furst,* for defendant.

PER CURIAM, March 3, 1949.—This matter is before the court on argument had on preliminary objections filed by plaintiffs to defendant's answer and new matter.

Plaintiffs moved that defendant's answer and new matter be made more specific to correct certain alleged deficiencies therein.

At the argument had on these objections, counsel informed the court that they could stipulate as to the disposition of the objections raised to paragraphs six and twelve of defendant's answer, and stated the prin-

ciple question they desired to have passed upon by the court was plaintiffs' objection to paragraph one of defendant's new matter. Therefore, we will confine our consideration solely to that objection.

In paragraph 16 of the complaint, plaintiffs aver that defendant's rejection of the offer made by Norman J. Shea for the purchase of the capital stock in question was arbitrary and made in bad faith and for the purpose of defrauding plaintiffs of the commission which defendant had agreed to pay them. Defendant, in his answer, denied this and said the offer made by Shea was rejected by defendant "because the defendant had already obtained a purchaser as set forth under New Matter", and in paragraph 17 of defendant's answer he further states that his reasons for rejecting the Shea offer were "good and sufficient". And in paragraph 18 of defendant's answer, defendant denies that plaintiffs earned or became entitled to any commission for obtaining a purchaser for said stock "for the reasons stated above and as hereinafter set forth under New Matter".

Under the heading of new matter, defendant avers that on June 21, 1946, 12 days before the Shea offer was received by defendant, defendant procured his own purchaser for the stock of the Flock Brewing Company which he owned and controlled "and entered into a written agreement bearing the same date, binding him to sell said shares"; and that, in pursuance of this written agreement "as later supplemented in writing", defendant's sale to such purchaser was subsequently consummated.

Plaintiff's claim is based on the allegation that they had obtained a purchaser and were therefore entitled to the commissions claimed, and we are of the opinion that defendant's answer in paragraph no. 16, wherein he refers to his new matter and the new matter accompanying said answer, clearly constitute matters of defense based on a writing.

Rule 1019(*h*) of the Pennsylvania Rules of Civil Procedure expressly provides:

"(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

We conclude that the new matter relied on by defendant as constituting a defense to plaintiffs' claim and which defendant states consisted of a written agreement made with another purchaser for said stock, and "as later supplemented in writing", constitutes such matters of defense that defendant should have set forth in his said answer and new matter "a copy of the written agreement, also a copy of the writing which supplemented the written agreement".

Plaintiffs' preliminary objection to paragraph no. 1 of defendant's new matter is sustained, and defendant is directed within 20 days from the date of this order to file as part of his new matter a copy of said written agreement alleged to have been made on June 21, 1946, which defendant refers to in his new matter, together with a copy of the later agreement which defendant avers supplemented in writing the agreement of June 21, 1946, and under which, defendant avers, the sale of the stock in question was made to a third party.